ELIZABETH C. DAVY *vs.* ELISHA D. BANGS & another.

Suffolk.    March 16, 17, 1899. — September 7, 1899.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Wagering Contract — Intention not to perform — Evidence.*

At the trial of an action against a member of the Boston Stock Exchange under St. 1890, c. 437, relative to wagering contracts in securities and commodities, evidence of a rule of the exchange prohibiting fictitious sales offered upon the issue of the defendant's reasonable cause to believe that the plaintiff had no actual intention of performing his contract, is inadmissible if it does not appear that the plaintiff knew of the rule.

At the trial of an action under St. 1890, c. 437, relative to wagering contracts in securities and commodities, to recover the value of stock deposited with the defendant, a broker, as collateral security on account of the agent of the plaintiff, who, as such agent, bought and sold stock on margin, with no intention on the part of either himself or the plaintiff of performing the contract of purchase or sale by the actual receipt or delivery of the stock, the judge properly ruled that the plaintiff would be entitled to recover, if he proved that neither he nor his agent intended to perform the contract by the actual receipt and delivery of the stock and the payment of the price, and that the defendant had reasonable cause to believe that no intention to actually perform existed, but that he could not recover unless he proved both these facts, nor if either he or his agent intended such performance to be made by either of them, or by the defendant as the agent of either of them; and that if the plaintiff was entitled to recover, the measure of damage would be the value of the stock when demand for it was made.

CONTRACT AND TORT under St. 1890, c. 437, entitled " An Act relative to wagering contracts in securities and commodities," to recover the value of certain shares of stock deposited with the defendants as collateral security, and alleged to have been converted by them to their use.

The case was referred to an auditor, who found that, in 1894, the plaintiff, a boarding-house keeper in Boston, owned twenty-five shares of American Sugar Refining Company's stock ; that, having no knowledge of the purchase or sale of securities upon margin, or of the methods employed upon the stock exchange, she was induced by one Wiggin, who boarded with her, to deposit her stock as collateral with the defendants, who were brokers and members of the Boston Stock Exchange, in order to realize large profits through sales which he might make for

her; that upon making such deposit she received from the defendant's cashier the following receipt:

"Boston, November 12, 1894.

"Received from Mrs. Elizabeth C. Davy twenty-five (25) shares of A. Sug. Refin. com. stock as col. of % of E. D. Wiggin, trustee.

"E. D. Bangs & Co., by E. H. Crosby, Cash."

The auditor further found that Wiggin told the plaintiff that his only interest in the transaction was such profit as he might make by a division of the commission with the broker, but that the real benefit to him was his ability to trade upon collateral furnished by the plaintiff without furnishing money or collateral himself; that between November 12, 1894, and February 11, 1895, acting under his agreement with the plaintiff, but without her further knowledge, consent, or ratification, he bought and sold stocks to a large amount upon margin, and thereafter an account of the transactions having been rendered to the plaintiff she called upon the defendant Bangs and asked for an explanation; that subsequent to such call the defendants surrendered the certificate of the stock standing in the plaintiff's name, indorsed by her in blank, and took one in their names, and on February 20, 1895, by the order of Wiggin, transferred from his account as trustee for Mattie W. Gerald, in whose name the business for the plaintiff had been theretofore transacted, to an account in his name as trustee for Mattie S. Wiggin such stock as stood to his credit, including the stock of the plaintiff; that no further settlement was thereafter made by the parties; that on February 25, 1895, a demand for the stock was made on the defendants, and that on March 14, 1895, they sold it.

The auditor further found that Wiggin, acting as agent for the plaintiff, bought and sold stock upon margin, with no intention of receiving the securities purchased, or of paying for them; that the defendants sold all the stock which they bought upon Wiggin's orders, and delivered none of them to Wiggin or the plaintiff; that the plaintiff had no intention of actually performing her contracts by receiving and delivering the securities, but there was no evidence of her having formed any deliberate intention not to sell, and her state of mind was consistent with

utter thoughtlessness and absence of all intention about payment or receipt; that there was *prima facie* evidence under § 4 of St. 1890, c. 437, that the defendants had reasonable cause to believe that no intention originally existed on the part of the plaintiff or of Wiggin to actually receive and deliver the securities, but upon the whole evidence the defendants had no reasonable cause for such belief, and solely by reason of the absence of sufficient evidence therefor he found for the defendants.

At the trial in the Superior Court before *Sheldon*, J., without a jury, the plaintiff introduced in evidence the auditor's report, and testified, that in an interview with the defendant Bangs, in which she narrated the circumstances by which she was induced to deposit her stock, and in which she expressed a desire to get it back, Bangs said it was too bad that such a thing had happened, and that he would do all he could to help her get it back, offered to forego his commissions, and further said that all the business Wiggin ever did with him was a margin transaction. She further testified that she had no intention of taking any stock or paying for it, for she had no money or property other than the stock deposited with the defendants.

The defendants, for the purpose of rebutting the evidence tending to show that they had reasonable cause to believe that the plaintiff had intention of performing her contract, offered in evidence the following by-law of the Boston Stock Exchange :

" No fictitious sale shall be made. Any member contravening this section shall, upon conviction, be suspended for such period, not exceeding twelve months, as a majority of the members of the exchange present at a meeting called for the purpose shall determine."

The judge excluded the evidence because it could not be shown that the by-law was known to the plaintiff or to Wiggin, and the defendants alleged exceptions.

The defendants requested the judge to rule : 1, That upon the evidence the finding must be for the defendants as matter of law ; 2, That the plaintiff must prove either that she intended to make wagering contracts, or that the defendants had reason-

able cause to believe that such was her intention, and in some way participated in making them; 3, That the plaintiff cannot recover unless she intended to, and did, make wagering contracts with the defendants, or that they, as her agents, made wagering contracts in her behalf; 4, That the plaintiff cannot recover unless when she made these contracts, or authorized Wiggin to make them, she had a positive intention, and that utter thoughtlessness and absence of all intention would not satisfy the statute or entitle her to recover; 5, That if in these transactions the defendants knew Wiggin only and dealt with him alone his intention governs; 6, That it is immaterial whether the plaintiff or Wiggin intended to take manual possession of the stocks bought by the defendants; 7, That the transactions would not be within the condemnation of the statute if the plaintiff ordered the defendants to buy and sell securities, and the defendants as her agents bought and received, sold and delivered, the securities, although it was agreed that the defendants should hold the stock purchased for her as security for advances made on her account, and should sell them when so ordered by the plaintiff and account to her for the proceeds thereof; 8, That if the plaintiff intended that the defendants, as her agents, should receive the stocks which she ordered them to buy, delivery to them was delivery to her, and it was immaterial whether she intended to take manual possession of them; 9, That if the plaintiff is entitled to recover, the measure of damages is the value of the stock when demanded by her.

The judge refused the first, second, third, fourth, and seventh requests, gave the other requests, and further ruled that the plaintiff was entitled to recover if she proved that neither she nor Wiggin intended to perform the contracts in question by the actual receipt and delivery of the securities and commodities and the payment of the price, and that the defendants had reasonable cause to believe that no intention to actually perform existed; but that she could not recover unless she proved both these facts, and that she could not recover if either she or Wiggin intended such performance to be made either by her or by him, or by the defendants as her or his agents.

The judge found as a fact that the defendants had the reasonable cause to believe mentioned in the statute, and found for

the plaintiff for the value of the stock on the day when demand for it was made by her. The defendants alleged exceptions, and the judge, at the request of the parties, reported the case for the determination of this court.

*H. M. Knowlton & W. B. French,* for the defendants.

*G. W. Anderson,* (*C. S. Lincoln* with him,) for the plaintiff.

HAMMOND, J. This is an action brought under St. 1890, c. 437, to recover the value of certain stock. It was tried before the court without a jury, the evidence consisting of the auditor's report and other evidence oral and documentary.

We think the evidence regarding the rule of the stock exchange was properly excluded. It is sufficient to say that it does not appear that either the plaintiff or Wiggin knew of it.

At the close of the evidence the defendants asked for certain rulings. The court refused the first, second, third, fourth, and seventh requests, and ruled that the plaintiff was entitled to recover, if she proved that neither she nor Wiggin intended to perform the contracts in question by the actual receipt and delivery of the securities and commodities and the payment of the price, and that the defendants had reasonable cause to believe that no intention to actually perform existed, but that she could not recover unless she proved both these facts; and that she could not recover if either she or Wiggin intended such performance to be made either by her or by him, or by the defendants as her or his agents; gave the fifth, sixth, eighth, and ninth requests, and found as a fact that the defendants had the reasonable cause to believe mentioned in the statute. Having so ruled, the court found for the plaintiff. To these refusals to rule and rulings given, the defendants excepted.

The defendants contend that the plaintiff must prove that she intended to make wagering contracts, and make such contracts with the defendants, or that they, as her agents, should make such contracts in her behalf, and that there must be a positive intention not to perform the contracts, and they contend that the evidence does not justify a finding for the plaintiff.

In view of the comparatively recent decisions of this court, we do not deem it necessary to enter into a discussion as to the nature of a wagering contract. *Harvey* v. *Merrill,* 150 Mass. 1. *Barnes* v. *Smith,* 159 Mass. 344.

Section 2, under which the action is brought, is as follows : " Whoever contracts to buy or sell upon credit or upon margin any securities or commodities, having at the time of contract no intention to perform the same by the actual receipt or delivery of the securities or commodities, and payment of the price, or whoever employs another so to buy and sell on his behalf, may sue for and recover in an action of contract from the other party to the contract, or from the person so employed, any payment made or the value of anything delivered : provided, such other party or other person so employed had reasonable cause to believe that no intention to actually perform existed."

The language is full, plain, and explicit, and the rulings of the court were in precise accordance with it. Without reciting the evidence, it was ample to justify the finding for the plaintiff.

Assuming that the seventh request properly states the law, we think it became immaterial upon the rulings and findings of the court.

The ruling as to damages was correct. The statute fixes the damages as the value of the thing delivered.

*Judgment on the finding,*